Cynthia Z. Levin, Esq. (PA 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff

11    7585

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA MCCONAGHY, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF THE PENNSYLVANIA FAIR** |
| vs. | ) **CREDIT EXTENSION** |
| | ) **UNIFORMITY ACT,** |
| ALLIANCEONE INCORPORATED, | ) **PENNSYLVANIA UNFAIR TRADE** |
| | ) **PRACTICES AND CONSUMER** |
| Defendant. | ) **PROTECTION LAW, AND** |
| | ) **FEDERAL FAIR DEBT** |
| | ) **COLLECTION PRACTICES ACT** |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act and Pennsylvania Unfair Trade Practices and Consumer Protection Law. Furthermore, Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

First Amended Complaint - 1

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Lisa McConaghy ("Plaintiff"), is a natural person residing in Providence county in the state of Rhode Island, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

4. At all relevant times herein, Defendant, AllianceOne Incorporated, ("Defendant") with its principle place of business in the Bucks County in the state of Pennsylvania, was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In June 2011, Defendant contacted Plaintiff at (401) 837-5449, in connection with an attempt to collect an alleged debt bearing Account Number 22937659.

7. Defendant contacted Plaintiff at (401) 837-5449, at times and places that were known to be inconvenient and with such a frequency as to constitute harassment under the circumstances.

8. Defendant failed to disclose during each and every communication that the call was from a debt collector attempting to collect an alleged debt, including but not limited to, voicemails left on June 17, 2011 and July 20, 2011.

## COUNT I: VIOLATION OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT

9. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

10. The Pennsylvania Fair Credit Extension Uniformity Act ("PaFCEUA") 73 P.S. § 2270.1 *et seq.* prohibits harassing and deceptive conduct by creditors while engaging in the practice of collecting a debt from consumers.

11. Section 2270.5 of the PaFCEUA allows consumers to recover damages against creditors who engage in unfair and deceptive debt collection practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTCPL").

12. Plaintiff is a "consumer" as defined by § 2270.3 of the PaFCEUA.

13. Defendant is a "creditor" as defined by § 2270.3 of the PaFCEUA.

14. Defendant's conduct violated the PaFCEUA in multiple ways, including but not limited to:

a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff;

b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff;

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff;

d) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken;

e) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose; and

f) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

15. As a result of the above violations of the PaFCEUA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

///

## COUNT II: VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

16. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

17. Defendant's conduct as set forth above constitutes an unfair or deceptive practice within the meaning of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §201-1, et seq.

18. Defendant's violation of the Pennsylvania Unfair Trade Practices and Consumer Protection law has caused Plaintiff to suffer the damage set forth hereinabove.

19. Plaintiff is entitled to triple damages and attorneys' fees as a result of Defendant's conduct, pursuant to 73 P.S. §201-9.2.

## COUNT III: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff reincorporates by reference all of the preceding paragraphs.

21. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

   b) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d));

c) Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

d) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken (§1692e(5));

e) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

f) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

22. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 2nd day of December, 2011.

By: _____
Cynthia Z. Levin, Esq. (PA 27050)
**Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 888-595-9111 ext 618
Fax: 866 633-0228
clevin@attorneysforconsumer.com
Attorney for Plaintiff**